**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**CHRISTOPHER LEE FOSTER,**<br><br>***Defendant.*** | **Case No.: 1:10-cr-00644-JRR** |

**MEMORANDUM OPINION AND ORDER**

Pending now before the court is *pro se* Defendant Christopher Lee Foster's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 207; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rules 105.6, 207 (D. Md. 2025). For the reasons that follow, the Motion will be denied.[1]

## I. BACKGROUND

Mr. Foster is an inmate serving a 240-month term of imprisonment. (ECF No. 139.) Mr. Foster is currently housed at FCI Butner Medium, and he has served approximately 175 months of his sentence. *Id.* at p. 2. His projected release date is February 12, 2028.[2]

On April 29, 2010, Mr. Foster and his accomplices agreed to rob, and subsequently did rob, a convenience store in Salisbury, Maryland. (ECF No. 92, at p. 4.) "During the robbery, Foster wore a ski mask and black clothing and threatened force and injury against the [convenience store's] employees." *Id.* "A firearm was brandished during this robbery." *Id.* Additionally, on May 10, 2010, Mr. Foster and his co-defendant agreed to rob, and subsequently did rob, an individual of marijuana in Salisbury, Maryland. *Id.* "Foster possessed and brandished a firearm,"

[1] Because the court finds Mr. Foster is not entitled to the relief he seeks, it will also deny as moot his request at ECF No. 213 in which he requests deposition assistance to support his Motion. (ECF No. 213.)

[2] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited October 9, 2026); *see United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (noting that courts "routinely take judicial notice of information contained on state and federal government websites").

a sawed-off shotgun, "during this robbery." *Id.* On October 19, 2010, Mr. Foster was subsequently charged in a 12-count indictment. (ECF No. 1.)

On May 12, 2011, Mr. Foster pled guilty to Hobbs Act robbery (18 U.S.C. § 1951(a)) and possession of a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)). (ECF No. 92 at p. 2.) Pursuant to the parties' Rule 11(c)(1)(C) plea, the parties stipulated to a sentence of 240 months of imprisonment. *Id.* at pp. 6–7. This court subsequently imposed a 240-month sentence, consisting of 156 months for Hobbs Act robbery, and 84 months for firearm possession. (ECF No. 139.) The parties' plea agreement was based on a calculation of Mr. Foster's total offense level of 27. *Id.* at p. 6. Mr. Foster's Presentence Report (ECF No. 194; "PSR") reflects a total of 15 criminal history points, consisting of his criminal history score of 13 and two (2) additional "status points" because the underlying offense was committed while Mr. Foster was on parole, resulting in a criminal history category of VI.[3] *Id.* ¶¶ 58–60. Based on this, the advisory Guidelines range on the Hobbs Act robbery charge was determined to be 130 to 162 months, with a mandatory minimum consecutive 84-month sentence on the firearm possession charge. (PSR ¶ 89; ECF No. 151 at 4:4–5:13.)

In his Motion, Mr. Foster asserts he is entitled to a reduction of his sentence pursuant to "United States Sentencing Commissions Amendment 821, parts A and C" based on a "reduced criminal history score." *Id.* at p. 1. He argues that the Amendment lowers his criminal history category to category V and resulting in a sentence range of 120–150 months plus the 84-month consecutive sentence. *Id.* at p. 2.

[3] At Mr. Foster's sentencing, the parties agreed with the PSR's calculations. (ECF No. 151 at 4:4–5:13.)

## II. LEGAL STANDARD

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed.'" 18 U.S.C. § 3582(c). This "rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011), *holding modified by Hughes v. United States*, 584 U.S. 675 (2018). One such exception is found in 18 U.S.C. § 3582(c)(2), which permits a court to modify a term of imprisonment, *inter alia*, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . [and] such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.." 18 U.S.C. § 3582(c)(2).

Relevant here, portions of multi-part Amendment 821, which became effective in November 2023, are retroactive, "which means that a previously sentenced defendant whose Guideline range is lowered by the amendment may seek a sentence reduction under 18 U.S.C. § 3582(c)(2)." *United States v. Barrett*, 133 F.4th 280, 283 (4th Cir. 2025). "Part A of the amendment limits the impact of 'status points' under § 4A1.1."[4] *Barrett*, 133 F.4th at 282 (citing U.S.S.G. Supp. to App. C, amend. 821, part A, at 240–41 (U.S. Sent'g Comm'n 2023)). While previously defendants who received two status reports (or criminal history points) "if they committed their instant offenses while on probation or under some other criminal justice sentence," *see id.*, under Part A of Amendment 821, defendants "with six or fewer criminal history points no longer receive any status points, and those offenders with seven or more criminal history points receive only one status point." *United States v. Moore*, No. 24-6035, 2024 WL 2828103, at *1

[4] Status points are "the additional criminal history points given to offenders for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'ng Guidelines Manual § 1B1.10, Supp. to App. C, Amend 821, Reason for Amendment at 43 (U.S. Sent'ng Comm'n 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2024/GLMFull.pdf (last visited October 16, 2026).

(4th Cir. June 4, 2024). *See Gary*, 2024 WL 1641007, at *1; *McElrath*, 2024 WL 4529278, at *3 (same); *United States v. L.*, No. CR DKC 11-489-1, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) (same). Part A was given retroactive effect. U.S.S.G. § 1B1.10 n.7. For its part, "Part C of Amendment 821 added sentences resulting from possession of marihuana offenses as 'examples' of where a downward departure from the defendant's criminal history may be warranted." *United States v. Rashko*, No. 4:19CR80-1 (RCY), 2024 WL 4682300, at *1 (E.D. Va. Nov. 5, 2024) (citing U.S. Sentencing Comm'n, *Amendments to the Sentencing Guidelines* (Apr. 27, 2023)). Unlike Part A, Part C was not made retroactive. *See Rashko*, 2024 WL 4682300, at *1 (explaining that Part C not made retroactive); *see also, e.g.*, *United States v. Jones*, No. CR 3:19-986-MGL-14, 2025 WL 1884108, at *1 (D.S.C. July 8, 2025) (same); *United States v. Blair*, No. 3:20-CR-363-MOC, 2025 WL 320949, at *2 (W.D.N.C. Jan. 28, 2025) (same); *United States v. Trammell*, No. CR 3:17-1206-MGL-3, 2024 WL 2245494, at *2 (D.S.C. May 17, 2024) (same).

## III. <u>ANALYSIS</u>

Mr. Foster first argues Part A of Amendment 821 applies to him because he had two additional "status points" assigned to him that enhanced his sentence based on committing the underlying offenses while on parole for a previous offense. (ECF No. 207 at p. 1.) Mr. Foster is correct that his "status points" included two additional points for committing the underlying offenses while on probation. *Id.* at pp. 2–3. These two additional status points were added to his criminal history score of 13, for a criminal history point total of 15. (PSR ¶¶ 58–60.) Even were Defendant's criminal history points reduced by one (1) point, however, *see Moore*, 2024 WL 2828103, at *1, *supra*, such a reduction would not reduce his criminal history category from VI to V. *See* U.S.S.G. § 1B1.10(a)(2)(B) (stating that sentence reduction "not authorized" if amendment "does not have the effect of lowering the defendant's applicable guideline range"); *see also* U.S.

Sent'ng Guidelines Sentencing Table, https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2025/Sentencing_Table.pdf (last visited October 16, 2026). Part A therefore does not provide a basis for reducing Mr. Foster's sentence.[5]

Mr. Foster next argues that, pursuant to Part C of Amendment 821, he is entitled to a "downward departure" of his criminal history point total because part of his criminal history was computed using two points from a prior state marijuana possession charge. (ECF No. 207 at p. 2.) Because this record was later expunged, *see* ECF No. 207-1, Mr. Foster argues the expungement should effect a reduction in his total criminal history points here. (ECF No. 207 p. 2.) As Mr. Foster recognizes, however, Part C was not given retroactive effect. It therefore does not provide a basis for reducing Mr. Foster's sentence.[6] *See Trammell*, 2024 WL 2245494, at *3 (holding that "[n]onretroactive changes to the U.S.S.G. fail to present a basis for relief . . ."); *Rashko*, 2024 WL

---

[5] Notably, Mr. Foster's previous filing before this court, through counsel, acknowledges that Mr. Foster's criminal history category of VI "would remain the same" even with application of Part A. (ECF No. 192 at p. 3 n.2.)

[6] Despite its non-retroactive status, Mr. Foster claims such status "is relative in this instance as Mr. Foster has had his simple marijuana convictions expunged from his record." (ECF No. 207 at p. 2; ECF No. 207-1.) The court is not persuaded that is material to the consideration here. Were Part C retroactive, it does not appear the proper vehicle for Defendant to challenge his sentence based on the purported expungement. Further, even if it were, as the Honorable Ellen L. Hollander has recently explained:

> In determining whether a conviction is expunged for the purposes of U.S.S.G. § 4A1.2(j), "[t]he majority of Courts of Appeals to consider the issue have found that 'expungement within the meaning of the Guidelines's structure is best determined by considering whether the conviction was set aside because of innocence or errors of law.'" *Robinson v. United States*, CCB-18-685, 2020 WL 5074408, at *2 (D. Md. Aug. 25, 2020) (quoting *United States v. Nelson*, 589 F.3d 924, 925 (8th Cir. 2009)) (collecting cases). Other courts in this Circuit have determined that "a state's use of the term 'expunge' is not controlling in determining whether a conviction is properly included in calculating a defendant's criminal history category." *United States v. Singleton*, 624 F. Supp. 2d 520, 527 (W.D. Va. 2009) (quoting *United States v. Hines*, 133 F.3d 1360, 1363 (10th Cir. 1998)); *see also United States v. McCullers*, 704 F. Supp. 3d 659, 665 (E.D. Va. 2023). A conviction is considered expunged when "calculating criminal history points only if it was expunged pursuant to 'constitutional invalidity, innocence, or errors of law.'" *McCullers*, 704 F. Supp. 3d at 665 (quoting *Singleton*, 624 F. Supp. 2d at 527).

*United States v. Harris*, No. CR ELH-02-381, 2025 WL 1837415, at *21 (D. Md. July 3, 2025). The purported expungement here was not, as far as the court can discern, based on constitutional invalidity, innocence, or errors of law.

4682300, at *2 (holding that "Part C of Amendment 821 is not a change of law . . .").

Based on the foregoing, Mr. Foster does not demonstrate entitlement to reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). As a result, the court "[need] not address the § 3553(a) factors." *United States v. Green*, No. 2:23-CR-00008, 2026 WL 1661664, at *5 (W.D. Va. June 8, 2026) (citations omitted).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is this 16th day of October 2026,

**ORDERED** that the Motion (ECF No. 207) shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that Mr. Foster's request for "a new deposition to strengthen [his] grounds [and] argument" in support of his Motion shall be, and is hereby, **DENIED as moot**.

/s/
Julie R. Rubin
United States District Judge